# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                    **Case No. 08-CR-851**

**WILLIAM WHITE**
        **Defendant.**

## ORDER

A jury found defendant William White guilty of solicitation of a crime of violence, contrary to 18 U.S.C. § 373, but I granted defendant's motion for judgment of acquittal under Fed. R. Crim. P. 29 and ordered his release from custody. The government now moves, pursuant to Fed. R. App. P. 8(a)(1)(A), for a stay of the order granting the motion for acquittal and the order that defendant be released, pending a decision from the Solicitor General on whether to appeal, which the government expects should occur within 30 days. Because I ordered defendant detained under 18 U.S.C. § 3143(a) following the jury's verdict, and because defendant has completed his sentence based on his convictions in the Virginia district court, the effect of granting the government's request will be defendant's continued detention pending further proceedings in this case. For the reasons that follow and the reasons stated on the record during a telephonic status conference with the parties, I deny the government's motion.

As the government notes, 18 U.S.C. § 3731 permits the government to appeal the post-verdict grant of a Rule 29 motion. See, e.g., United States v. Klein, 910 F.2d 1533, 1535 (7th Cir. 1990). When the government takes such an appeal, 18 U.S.C. § 3143(a) controls the defendant's release or detention. That statute provides:

> (c) Release or detention pending appeal by the government.--The judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order.
>
> Except as provided in subsection (b) of this section, the judicial officer, in a case in which an appeal has been taken by the United States under section 3742, shall–
>
> (1) if the person has been sentenced to a term of imprisonment, order that person detained; and
>
> (2) in any other circumstance, release or detain the person under section 3142.

18 U.S.C. § 3143(c). Under the plain language of this statute, the court considers release or detention only after "an appeal has been taken by the United States." Thus, it does not apply to the situation before me now, and the government's discussion of the § 3142 factors is accordingly premature.

The government cites Fed. R. App. P. 8(a)(1)(A), which provides: "A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal[.]" However, Fed. R. App. P. 8(c) further explains: "Rule 38 of the Federal Rules of Criminal Procedure governs a stay in a criminal case." And Fed. R. Crim. P. 38 applies to the stay of a sentence or civil or employment disability while a case is on appeal, which is also inapplicable here. Thus, it does not appear that Rule 8 or Rule 38 provide a basis for the requested action, and the government provides no other authority for me to stay the matter and continue defendant's detention under these circumstances.

I will assume that I possess the inherent authority to stay my orders pending approval from the Solicitor General and the filing of a notice of appeal. However, I decline to exercise that authority to grant the requested stay. For the reasons set forth fully in my decision granting the Rule 29 motion, the government failed to prove a solicitation in this case. Defendant has

2

now been detained for approximately three months on a charge I concluded lacks merit. To continue his detention would therefore be improper. Further, defendant will, if released on this case, be on supervised release in the Virginia matter, which will provide a measure of monitoring and control while the government seeks permission to appeal.

**THEREFORE, IT IS ORDERED** that the government's motion for a stay is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2011.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge